**WEI JIAN LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–2246–ag.

United States Court of Appeals, Second Circuit.

Nov. 7, 2006.

Gary J. Yerman, New York, NY, for petitioner.

Christopher J. Christie, United States Attorney for District of New Jersey, Daniel J. Gibbons, Assistant United States Attorney, Newark, NJ, for respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROGER J. MINER and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Wei Jian Lin, a native and citizen of China, seeks review of an April 20, 2006 order of the BIA denying Lin's motion to reopen the BIA's November 15, 2002 affirmance of the March 27, 2001 decision of Immigration Judge ("IJ") Philip Morace, denying petitioner's applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Wei Jian Lin,* No. A 77 296 917 (B.I.A. Apr. 20, 2006).

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

■ A motion that is not filed within 90 days of the final administrative decision can be brought only where the alien can establish "changed country conditions arising in the country of nationality...." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2005); 8 C.F.R. § 1003.2(c)(3)(ii) (2005). Such a motion to reopen shall not be granted unless it appears that the evidence offered "is material and was not available and could not have been discovered or presented" at the previous hearing. 8 C.F.R. § 1003.2(c)(1). Lin acknowledges that his motion to reopen was filed more than 90 days after the final order of removal but claims that he fits within the exception set out in 8 C.F.R. § 1003.23(b)(4)(i), because due to worsening conditions in China, documented in the

2005 State Department Country Reports on China ("Report"), published in March 2005, there is a realistic chance that he will be persecuted if he is removed. Lin argues that his proceedings should be remanded because the evidence in support of his motion was unavailable at the time of his original hearing and documents conditions in China which have arisen since the date.

The BIA determined that the evidence Lin submitted in support of his motion to reopen showed that there was a continued implementation of family planning policies, not a material change in family planning policies. The only specific piece of evidence that Lin cites in his brief to this Court countering the BIA's determination, is the Report published in March 2006. Lin's motion to reopen was submitted to the BIA in January 2006, two months before the 2005 Report was published. The BIA could not have considered a document that was not in the record at the time he submitted his motion to reopen. Even if this Court could consider the 2005 Report, Lin fails to establish that the Report shows changed country conditions. Lin's only claim is that the 2005 Report established that there is a "realistic chance" that he will be persecuted if removed. Lin has failed to establish that there are "changed country conditions" in China that would make him eligible for the exception pursuant to 8 U.S.C. § 1229a(c)(7)(C)(ii) (2005); 8 C.F.R. § 1003.2(c)(3)(ii) (2005). As a result, the BIA did not abuse its discretion in finding his motion to reopen untimely.

■ In his brief to this Court Lin did not contest the BIA's determination that the recent crack down on "out of plan births" in his hometown is not a changed circumstance because he is not required to return to any particular place in China. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Since the BIA did not abuse its discretion in finding that Lin's motion to reopen was untimely, it is not necessary to review the remainder of its decision which discusses whether Lin was *prima facie* eligible for asylum, withholding of removal, or CAT relief.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).